IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ex Parte Application of Novexco (Cyprus) Limited, NMLK PENNSYLVANIA CORP. and GENERALI ITALIA, S.P.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | MISC. ACTION NO. |

## *EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. §1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

**NOW INTO COURT**, through undersigned counsel, come Applicants Novexco (Cyprus) Limited ("Novexco"), NLMK Pennsylvania Corp. ("NLMK") and Generali Italia, S.p.A. ("Generali"), and hereby move this Honorable Court for an *ex parte* order pursuant to 28 U.S.C. §1782 directing preservation of evidence, production of documents, and the appearance at depositions of the Master and/or crewmembers of the M/V FRATZESCOS, a Liberian flag oceangoing bulk carrier owned by Century Shipping & Trading Co. ("Century Shipping") and managed by Rainbow Shipmanagement, S.A. ("Rainbow Shipmanagement") (collectively "Vessel Interests"), which vessel, documents and persons will, on information and belief, be within this judicial district on or about March 27, 2015 to discharge cargo in the port of Gloucester City, Camden County, New Jersey.

The evidence, documents, and testimony sought in this Application, as detailed in the proposed subpoenas attached as Exhibits 1 and 2 hereto, are for use in imminent judicial proceedings before the High Court of Justice of England and Wales regarding the Vessel Interests' declaration of general average, which is disputed by Novexco, NLMK, and Generali,

1

all as set forth more fully in the accompanying Memorandum in Support of this Application and the supporting Declaration of Stefano Taccioli.

Applicants respectfully request that this Honorable Court issue the proposed order filed herewith ordering the production of the documents specified in Exhibit A to the Exhibit 1 subpoena, unless otherwise agreed by the parties, on or before March 30, 2015; the depositions of the Master, chief engineer, and a designated engine room crew member, as sought in the Exhibit 2 subpoenas, to proceed on or after April 3, 2015 (or some time prior to the departure of the M/V FRATZESCOS from the jurisdiction of this Honorable Court); and further directing the United States Marshal for the District of New Jersey to serve these two subpoenas upon the Master of the M/V FRATZESCOS (and/or other crew identified in the subpoena for depositions) upon her arrival in port.[1]

Dated: March 26, 2015       By: _____
                                WIGGIN AND DANA LLP
                                Susan Kennedy (N.J. Id. No. 018391990)
                                Joseph Grasso
                                Two Liberty Place
                                50 S. 16th Street, Suite 2925
                                Philadelphia, PA  19102
                                (215)988-8320
                                skennedy@wiggin.com

---

[1] Applicants note that a courtesy conformed/CM/ECF-stamped copy of this Application, Memorandum of Law in Support hereof, and all exhibits to both, as well as the contemporaneously filed Motion and Proposed Order to Expedite consideration of same, are being served via email upon Palmer Biezup & Henderson, LLP, the local correspondents for Century Shipping's P&I insurer, the Gard, as indicated in the Equasis file for the M/V FRATZESCOS (Exhibit B to the Memorandum of Law in support of this Application), and the Gard club's list of correspondents. On information and belief, any unrecoverable general average amounts involved in the dispute between Applicants and Century Shipping/Rainbow Shipmanagement would potentially be covered by the Century Shipping's P&I cover with the Gard, pursuant to Rule 41.a of the 2015 Gard Rules. *See* Gard Rules 2015 *available at* http://www.gard.no/ikbViewer/Content/20811922/Rules%202015_web.pdf.

*OF COUNSEL*

    BAKER, DONELSON, BEARMAN,
    CALDWELL &. BERKOWITZ, P C
    Christopher O. Davis
    LA Bar No.4722
    codavis@bakerdonelson.com
    Christopher M. Hannan
    LA Bar No. 31765
    channan@bakerdonelson.com
    201 St. Charles Ave., Suite 3600
    New Orleans, Louisiana 70170
    Telephone: (504) 566-5200
    Facsimile: (504) 636-4000

88888888/2858/3233073.1

# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| Novexco (Cyprus) Limited et al <br> *Plaintiff* <br> v. <br> N/A <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Master of the M/V FRATZESCOS

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto for requested documents

| Place: Two Liberty Place <br> 50 S. 16th St, Suite 2925 <br> Philadelphia, PA 19102 | Date and Time: <br> 03/30/2015 10:00 am |
|---|---|

☒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: M/V FRATZESCOS Engine Room, to allow copying of hard drive if and as necessary | Date and Time: <br> 03/30/2015 10:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR  _____/s/_____

_____     _____
Signature of Clerk or Deputy Clerk       Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Novexco (Cyprus) Limited, NMLK Pennsylvania Co, & Generali Italia S.p.A. , who issues or requests this subpoena, are: Wiggan and Dana, LLP, 50 S. 16th St., Suite 2925, Philadelphia, PA 19102; Susan Kennedy (skennedy@wiggin.com); 215-988-8310

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 1

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A" TO SUBPOENA DUCES TECUM

**INSTRUCTIONS**

1. This subpoena is addressed to the Master of the M/V FRATZESCOS ("the Vessel") while she remains in port in the Eastern District of Pennsylvania, and requires the production and/or availability for copying of all requested documents which are in the possession, custody or control of the Master and/or any crewmember aboard the Vessel and/or located aboard the Vessel, including without limitation all business files, personal files (wherever located) and any and all other requested documents which are in the possession, custody or control of the Master and/or any crewmember and/or aboard the Vessel.

2. If the Master of the M/V FRATZESCOS objects to these document requests in whole or in part, or refuses to produce any document called for in this request on the ground that the document is covered by the attorney-client privilege or is protected by the work product or other doctrine, or for any other reason, please provide the following information as to each objection:

   a. the nature of the privilege doctrine claimed to be applicable and the reason it is being invoked; and

   b. the nature of any such document (e.g., letter, contract, memorandum), the date thereof, the general subject matter, the name and job title of the author, the name and job title of each addressee, the name and job title of each person receiving a carbon copy or blind copy, and the name and job title of each person known to have seen the document.

3. If any portion of any document is responsive to any request, please produce the entire document. Documents produced pursuant to this request should be produced in the order in which they appear in the Master's and/or any crewmember's and/or the Vessel's files, and should not be shuffled or rearranged. Documents that in the original condition are stapled, clipped, or otherwise fastened together shall be produced in such form.

4. Please advise in writing the particular request(s) to which each document or group of documents is responsive.

5. If any requested document has been lost, destroyed, or removed (discarded, transferred or no longer exists) from the Master's possession and control and/or from the possession and control of any crew member and/or from the Vessel, identify the document; its last known location; the date, subject matter, list of recipients (if any, including BCC or CC recipients) of the document and the date(s) on which it was sent to any recipients; the date of loss/destruction/removal, as well as the circumstances surrounding its loss, destruction, or removal; the name of the person authorizing the destruction/removal of the document(s) and the name of the person who destroyed/removed the document.

**DEFINITIONS**

A. These Requests shall be read to be inclusive, rather than exclusive. Accordingly, the words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of each said Request all facts and information that might otherwise be

1

construed to be outside of its scope. "Including" shall be construed to mean "without any limitation". The word "all" includes "any" and vice versa. The past tense shall include the present tense and the present tense shall include the past tense, so as to make the Request inclusive, rather than exclusive. The singular shall include the plural, the masculine includes the feminine and vice versa.

B.  "Document" collectively refers to every writing or record, however produced, reproduced, preserved, including but not limited to email, electronically stored information (which is specifically requested to be produced in native format pursuant to Fed. R. Civ. P. 34(b)(1)(C) in order to preserve all metadata), social media posting (Facebook, Twitter, Myspace, and the like), video recording, audio recording, facsimile, summary or record of personal conversation or interview, summary of meeting, photograph, book, pamphlet, periodical, memorandum, telegram, report, record, study, interoffice or intraoffice communication, memorandum reflecting an oral communication, handwritten or other note, working paper, draft, application, permit, chart, drawing, paper, graph, survey, index, tape, disk, data sheet, data processing card, computer printout, and every other written, typed, recorded, transcribed, filed, or graphic matter, including such materials electronically recorded, filed, or maintained on discs, tapes or computers.

## LIST OF DOCUMENTS TO BE PRODUCED

1. Copy of all engine log documents, and any drafts thereof, including but not limited to any handwritten drafts of entries for the engine log books, any handwritten engine logs and any electronic engine logs, from July 1, 2014 through the date of any responses to this subpoena.

2. Any and all documents regarding daily engine maintenance works, whether in handwritten or electronic form, from July 1, 2014 through the date of any responses to this subpoena, including but not limited to any drafts of such records, whether in handwritten or electronic form.

3. Delivery receipts for all deliveries of lubricating oil from July 1, 2014 through the date of any responses to this subpoena.

4. Any and all stern tube oil analysis records from July 1, 2014 through the date of any responses to this subpoena.

5. Any and all documents regarding main engine alarm records, including but not limited to main engine alarm printouts or original paper rolls of printouts, from July 1, 2014 through the date of any responses to this subpoena.

6. A copy of the hard disk memory of the main engine alarm system from July 1, 2014 through the date of any responses to this subpoena, to be obtained by a forensic computer expert appointed by Applicants to board the Vessel and obtain the requested copy of the hard disk memory.

7. Any and all documents regarding communications between (1) the Master and/or anyone else aboard the Vessel and (2) Century Shipping & Trading Co. and/or Rainbow

    Shipmanagement, S.A. between July 1, 2014 through the date of any responses to this subpoena.

8. Any and all documents regarding divers inspection surveys for the Vessel from July 1, 2014 through December 31, 2014.

9. Any and all bridge log documents, including handwritten rough bridge logs and electronic smooth bridge logs from July 1, 2014 through the date of any responses to this subpoena.

10. Any and all crew lists for the Vessel from July 1, 2014 through the date of any responses to this subpoena.

11. Any and all text messages sent by the Master or any crewmember in the engine department of the Vessel to any representative or employee of Century Shipping & Trading Co. and/or Rainbow Shipmanagement, S.A. between July 1, 2014 through the date of any responses to this subpoena.

# EXHIBIT 2

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| Novexco (Cyprus) Limited et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| N/A | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Master of the M/V FRATZESCOS and any member of the crew of the M/V FRATZESCOS with knowledge of engine issues since July 1, 2014

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: ~~Two Liberty Place~~ 50 S. 16th St., Suite 2925 Philadelphia, PA 19102 | Date and Time: 04/03/2015 10:00 am or at some time prior to the departure of the M/V FRATZESCOS from this district |
|---|---|

The deposition will be recorded by this method: Court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _/s/ Lisa Kim/_____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Novexco (Cyprus) Limited, NMLK Pennsylvania Co., & Generali Italia S.p.A._____, who issues or requests this subpoena, are:
Wiggin and Dana LLP, 50 S. 16th St., Sutie 2925, Philadelphia, PA 19102; Susan Kennedy (skennedy@wiggin.com); 215-988-8310

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 2**

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A" TO SUBPOENA DUCES TECUM

## INSTRUCTIONS

1. This subpoena is addressed to the Master of the M/V FRATZESCOS ("the Vessel") while she remains in port in the Eastern District of Pennsylvania, and requires the production and/or availability for copying of all requested documents which are in the possession, custody or control of the Master and/or any crewmember aboard the Vessel and/or located aboard the Vessel, including without limitation all business files, personal files (wherever located) and any and all other requested documents which are in the possession, custody or control of the Master and/or any crewmember and/or aboard the Vessel.

2. If the Master of the M/V FRATZESCOS objects to these document requests in whole or in part, or refuses to produce any document called for in this request on the ground that the document is covered by the attorney-client privilege or is protected by the work product or other doctrine, or for any other reason, please provide the following information as to each objection:

   a. the nature of the privilege doctrine claimed to be applicable and the reason it is being invoked; and

   b. the nature of any such document (e.g., letter, contract, memorandum), the date thereof, the general subject matter, the name and job title of the author, the name and job title of each addressee, the name and job title of each person receiving a carbon copy or blind copy, and the name and job title of each person known to have seen the document.

3. If any portion of any document is responsive to any request, please produce the entire document. Documents produced pursuant to this request should be produced in the order in which they appear in the Master's and/or any crewmember's and/or the Vessel's files, and should not be shuffled or rearranged. Documents that in the original condition are stapled, clipped, or otherwise fastened together shall be produced in such form.

4. Please advise in writing the particular request(s) to which each document or group of documents is responsive.

5. If any requested document has been lost, destroyed, or removed (discarded, transferred or no longer exists) from the Master's possession and control and/or from the possession and control of any crew member and/or from the Vessel, identify the document; its last known location; the date, subject matter, list of recipients (if any, including BCC or CC recipients) of the document and the date(s) on which it was sent to any recipients; the date of loss/destruction/removal, as well as the circumstances surrounding its loss, destruction, or removal; the name of the person authorizing the destruction/removal of the document(s) and the name of the person who destroyed/removed the document.

## DEFINITIONS

A. These Requests shall be read to be inclusive, rather than exclusive. Accordingly, the words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of each said Request all facts and information that might otherwise be

1

construed to be outside of its scope. "Including" shall be construed to mean "without any limitation". The word "all" includes "any" and vice versa. The past tense shall include the present tense and the present tense shall include the past tense, so as to make the Request inclusive, rather than exclusive. The singular shall include the plural, the masculine includes the feminine and vice versa.

B.  "Document" collectively refers to every writing or record, however produced, reproduced, preserved, including but not limited to email, electronically stored information (which is specifically requested to be produced in native format pursuant to Fed. R. Civ. P. 34(b)(1)(C) in order to preserve all metadata), social media posting (Facebook, Twitter, Myspace, and the like), video recording, audio recording, facsimile, summary or record of personal conversation or interview, summary of meeting, photograph, book, pamphlet, periodical, memorandum, telegram, report, record, study, interoffice or intraoffice communication, memorandum reflecting an oral communication, handwritten or other note, working paper, draft, application, permit, chart, drawing, paper, graph, survey, index, tape, disk, data sheet, data processing card, computer printout, and every other written, typed, recorded, transcribed, filed, or graphic matter, including such materials electronically recorded, filed, or maintained on discs, tapes or computers.

### LIST OF DOCUMENTS TO BE PRODUCED

1. Copy of all engine log documents, and any drafts thereof, including but not limited to any handwritten drafts of entries for the engine log books, any handwritten engine logs and any electronic engine logs, from July 1, 2014 through the date of any responses to this subpoena.

2. Any and all documents regarding daily engine maintenance works, whether in handwritten or electronic form, from July 1, 2014 through the date of any responses to this subpoena, including but not limited to any drafts of such records, whether in handwritten or electronic form.

3. Delivery receipts for all deliveries of lubricating oil from July 1, 2014 through the date of any responses to this subpoena.

4. Any and all stern tube oil analysis records from July 1, 2014 through the date of any responses to this subpoena.

5. Any and all documents regarding main engine alarm records, including but not limited to main engine alarm printouts or original paper rolls of printouts, from July 1, 2014 through the date of any responses to this subpoena.

6. A copy of the hard disk memory of the main engine alarm system from July 1, 2014 through the date of any responses to this subpoena, to be obtained by a forensic computer expert appointed by Applicants to board the Vessel and obtain the requested copy of the hard disk memory.

7. Any and all documents regarding communications between (1) the Master and/or anyone else aboard the Vessel and (2) Century Shipping & Trading Co. and/or Rainbow

    Shipmanagement, S.A. between July 1, 2014 through the date of any responses to this subpoena.

8. Any and all documents regarding divers inspection surveys for the Vessel from July 1, 2014 through December 31, 2014.

9. Any and all bridge log documents, including handwritten rough bridge logs and electronic smooth bridge logs from July 1, 2014 through the date of any responses to this subpoena.

10. Any and all crew lists for the Vessel from July 1, 2014 through the date of any responses to this subpoena.

11. Any and all text messages sent by the Master or any crewmember in the engine department of the Vessel to any representative or employee of Century Shipping & Trading Co. and/or Rainbow Shipmanagement, S.A. between July 1, 2014 through the date of any responses to this subpoena.